On December 16, 1988, James B. Rogers pleaded guilty to one count of second-degree theft of property, and three counts of second-degree criminal possession of a forged instrument. He was sentenced to 4 concurrent terms of 17 years' imprisonment. Rogers did not file a direct appeal. Ten years later, in June 1998, Rogers filed a Rule 32, Ala.R.Crim.P., petition for post conviction relief. That petition challenged Rogers's convictions on the bases that the sentences were excessive and that Rogers was not notified of the intent to enhance his sentences. According to the court's order, Rogers's petition was summarily dismissed pursuant to Rules 32.2(a)(5) and (c), Ala.R.Crim.P. Rogers now appeals the circuit court's dismissal of his petition.
On appeal, the State argues that pursuant to Rule 32.2(a)(5) and (c), Ala.R.Crim.P., Rogers's Rule 32 petition fails because it was not filed within the two-year limitations period and because he is not entitled to relief *Page 691 
based upon any ground that could have been, but was not, raised on appeal, unless the court was without jurisdiction to render judgment or to impost sentence. According to Nichols v. State,629 So.2d 51 (Ala.Crim.App. 1993), the notice requirement for sentence enhancement is procedural rather than jurisdictional and can be waived by the failure to object. The state contends that notification is procedural rather than jurisdictional; therefore, Rogers waived lack of notification when he failed to object.
However, Rogers's primary argument is that his sentences are in excess of that allowed by law. He maintains that he did not receive notice of an enhancement mechanism such as the Habitual Felony Offender Act because none was applied. The maximum sentence for a Class C felony is 10 years' imprisonment. Rogers was sentenced to 4 separate and concurrent terms of 17 years' imprisonment for his Class C felonies. Rogers avers that the enhancement provisions were not used, thus his sentences are in excess of that allowed by law and are therefore illegal. Although Rogers was sentenced 10 years ago, an a allegedly illegal sentence may be challenged at any time because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void. J.N.J. v. State, 690 So.2d 519 (Ala.Crim.App. 1996). Because upon a review of the record we conclude that the State has not refuted Rogers's allegation nor proven prior convictions, we must accept Rogers's averment as true. Glover v. State,531 So.2d 705 (Ala.Crim.App. 1988). Therefore, because Rogers's allegation, if true, entitles him to relief, the circuit court erred in summarily dismissing Rogers's claim as precluded under Rule 32.2(a)(5) and (c). Ex parte Boatwright, 471 So.2d 1257
(Ala. 1985).
Based on the foregoing, this cause is remanded to the circuit court for further findings regarding the appellant's allegation that his sentence is excessive. The circuit court should answer the question whether Rogers's sentences were enhanced. If Rogers's sentences were not enhanced, the court is authorized to resentence him within the parameters of Class C felonies. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings and the circuit court should make specific findings of fact as required by Rule 32.9(d), Ala. R.Crim.P. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On November 20, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 5, 1999, that court denied rehearing, no opinion.