On November 18, 1998, Charles Malcom Henderson was convicted of murder and was sentenced, as a habitual offender, to life in prison without the possibility of parole. On direct appeal, this Court affirmed his conviction and sentence in an *Page 365 
unpublished memorandum. Henderson v. State, (No. CR-98-0468)768 So.2d 1027 (Ala.Crim.App. 1999) (table). The certificate of judgment was issued on August 28, 2001.
On July 2, 2003, Henderson filed this, his second, Rule 32, Ala. R.Crim. P., petition. After the State filed a response, Henderson responded and requested an evidentiary hearing. On August 13, 2003, the circuit court summarily dismissed the petition. This appeal followed.
Henderson raised only one claim in his petition. Henderson contended that his six prior convictions had been pardoned in full, that is, with restoration of civil and political rights, before he was convicted of and sentenced for the crime at hand; therefore, he claimed, his sentence was illegal because the pardoned convictions could not be used to enhance his sentence as a habitual offender.[1] To his petition, Henderson attached a copy of the "Certificate of Pardon with Restoration of Civil and Political Rights,"[2] dated November 21, 1996, which purports to prove that Henderson's six prior convictions were fully pardoned before his conviction and sentence in the case at hand. The State responded only with allegations of preclusion, and the circuit court in turn did not address this specific claim.
On appeal, Henderson claims that he is entitled to an evidentiary hearing on his illegal-sentence claim. We agree.
Contrary to the State's assertions below and on appeal, this claim — that Henderson's sentence is illegal — is not subject to procedural bars. "[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." Rogers v.State, 728 So.2d 690, 691 (Ala.Crim.App. 1998).
Additionally, Henderson's claim has merit on its face. In addressing a similar claim that a full pardon removed prior convictions from consideration under the Habitual Felony Offender Act, the Alabama Supreme Court stated, "[T]he pardon blotted out of existence [the appellant's] guilt with respect to the pardoned convictions, making him, in the eye of the law, a new and an innocent man. Therefore, the pardoned convictions cannot be used to enhance his sentence under the Habitual Felony Offender Act."Ex parte Casey, 852 So.2d 175, 181 (Ala. 2002). The Alabama Supreme Court remanded the cause to this Court, which in turn remanded the cause to the circuit court for resentencing.
Therefore, because Henderson stated an unanswered, valid illegal-sentence claim and provided proof of the full pardon of his six prior convictions, we remand this cause for the circuit court to take evidence on Henderson's claim. If it finds that Henderson's prior convictions were in fact pardoned, the circuit court is to resentence *Page 366 
Henderson accordingly and so note in its specific findings to be returned to this Court. If it finds that Henderson's prior convictions were not in fact pardoned, the circuit court is to so note in its specific findings to be returned to this Court.
The circuit court shall make due return to this Court within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] We note that Henderson raised this claim in his first Rule 32 petition. This Court affirmed the circuit court's denial of that petition on the basis of Casey v. State, 852 So.2d 168
(Ala.Crim.App. 2001), in which this Court held that the fact that the defendant's prior convictions had been pardoned before he was convicted of and sentenced for the crime at hand was irrelevant. However, in Ex parte Casey, 852 So.2d 175 (Ala. 2002), the Alabama Supreme Court reversed this Court's judgment and held that full pardon precluded use of the pardoned convictions to enhance the petitioner's sentence under the Habitual Felony Offender Act.
[2] Unlike the appellant in Fincher v. State, 837 So.2d 876
(Ala.Crim.App. 2002), who raised his claim of an illegal sentence for the first time on appeal with no proof in the record before this Court to review, Henderson raised his illegal-sentence claim in his Rule 32 petition and attached proof to his petition.
* Note from the reporter of decisions: On August 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.