[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1163 
 On Rehearing Ex Mero Motu
The unpublished memorandum issued on April 21, 2006, is withdrawn and the following opinion is substituted therefor.
James Edward Wallace appeals the circuit court's summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he attacked his August 2, 1999, guilty-plea convictions for kidnapping in the second degree and sexual abuse in the first degree. Wallace was sentenced on November 19, 1999, to 25 years' imprisonment for each of his convictions. He did not appeal.
Wallace filed the present petition on September 26, 2005. In his petition, Wallace argued, as best we can determine:
 1. That prior Rule 32 petitions filed by Wallace were improperly adjudicated for a number of reasons;
 2. That his guilty pleas were involuntarily and unknowingly entered based on the alleged failure by his trial counsel and the trial court to advise him of a number of rights;
 3. That his sentences are illegal because, he claimed, the State failed to give sufficient notice that it was seeking to have him sentenced pursuant to the Habitual Felony Offender Act ("HFOA") and, further, that the trial court improperly used a prior conviction in case no. CC-83-31, a prior conviction for receiving stolen property in the second degree in Bibb County, to enhance his sentence because this case represented a nolo contendere conviction, and because he received a full pardon for this conviction; and
 4. That the indictment in one of his prior convictions had been impermissibly amended, resulting in his pleading guilty to an offense that was not contemplated in that indictment.
Without requiring a response from the State, the circuit court summarily denied Wallace's petition. This appeal followed.
 I.
With regard to claim one, i.e., Wallace's challenges to the propriety of the *Page 1164 
adjudication of his prior Rule 32 petitions, we note simply that Rule 32.4 provides that Rule 32 petitions are the procedure by which a petitioner seeks relief from his conviction or sentence. Depending on the circumstances, the proper avenue in which to challenge alleged errors in the adjudication of the prior Rule 32 petitions is either to file a mandamus petition or to appeal from the dismissal of those petitions rather than to file a new petition, i.e., the present petition.
 II.
Claim two, as set out above, is a non-jurisdictional claim that is barred by the limitations period in Rule 32.2(c), Ala. R.Crim. P., by the prohibition against successive petitions in Rule 32.2(d), and by assorted provisions of Rule 32.2(a). See, e.g., Catchings v. State, 684 So.2d 168, 169
(Ala.Crim.App. 1995) (a challenge to the voluntariness of a guilty plea is not jurisdictional and, although it can be raised for the first time in a Rule 32 petition, it is subject to the limitations period in Rule 32.2(c), Ala. R.Crim. P.);Fincher v. State, 837 So.2d 876 (Ala.Crim.App. 2002) (a challenge to the voluntariness of a guilty plea is not jurisdictional); and Cogman v. State, 852 So.2d 191
(Ala.Crim.App. 2002) (an ineffective-assistance-of-counsel claim is not jurisdictional).
 III.
Wallace claims that his sentences are illegal because, he claims: 1) the State failed to give sufficient notice of its intent to enhance his sentence pursuant to the HFOA; 2) the trial court improperly used the conviction in case no. CC-83-31, in which Wallace had entered a plea of nolo contendere to receiving stolen property in the second degree in Bibb County, to enhance his sentence under the HFOA; and 3) the trial court improperly used the conviction in case no. CC-83-31, to enhance his sentence under the HFOA because he received a full pardon for that conviction.
 A.
A challenge to insufficient notice of the State's intent to seek application of the HFOA is subject to the procedural bars in Rule 32.2, Ala. R.Crim. P. "According to Nichols v.State, 629 So.2d 51 (Ala.Crim.App. 1993), the notice requirement for sentence enhancement is procedural rather than jurisdictional and can be waived by the failure to object."Rogers v. State, 728 So.2d 690, 691
(Ala.Crim.App. 1998).
Because this claim is not jurisdictional, it is precluded by Rule 32.2(b), Ala. R.Crim. P., because there has been no assertion establishing "good cause" for failing to raise the claim in Wallace's first petition; by Rule 32.2(c), Ala. R.Crim. P., because Wallace's petition was filed outside the limitations period; and by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because the claim could have been, but was not, raised at trial and on appeal.
 B.
Wallace claims that his sentence is illegal because it was enhanced pursuant to the HFOA by using a nolo contendere plea (case no. CC-83-31) as a conviction. Rule 14.2(c), Ala. R.Crim. P., provides:
 "A defendant may plead:
 "(1) Guilty,
 "(2) Not guilty,
 "(3) Not guilty by reason of mental disease or defect, or
 "(4) Not guilty and not guilty by reason of mental disease or defect."
Alabama law does not provide for the entry of a nolo contendere plea (also known as a "no contest" plea). SeeMay v. Lingo, 277 Ala. 92, 95, 167 So.2d 267, 269
(1964) ("the appellate courts of this *Page 1165 
state have never recognized the plea of nolo contendere as a part of our criminal procedure").
Thus, this claim is without merit.
 C.
Wallace claims that his sentence is illegal because it was enhanced by use of a prior conviction, case no. CC-83-31, for which he says he received a full pardon — a pardon with restoration of civil and political rights — before he was convicted of and sentenced for the instant crime.
The circuit court summarily ruled that this claim was due to be denied because "all the grounds raised in this petition could have been raised in an earlier petition" and Wallace cited no "reasons why he could not have raised those grounds in the earlier petitions." (CR. 25-26.) See Rule 32.2(b), Ala. R.Crim. P., which precludes review of a successive petition.
However, in Ex parte Casey, 852 So.2d 175
(Ala. 2002), the Alabama Supreme Court held that a full pardon precluded the use of the pardoned convictions to enhance the petitioner's sentence under the HFOA. "[T]he pardon blotted out of existence [the appellant's] guilt with respect to the pardoned convictions, making him, in the eye of the law, a new and an innocent man. Therefore, the pardoned convictions cannot be used to enhance his sentence under the Habitual Felony Offender Act." Ex parte Casey, 852 So.2d at 181; see also Henderson v. State, 895 So.2d 364, 365
(Ala.Crim.App. 2004). Thus, the use of a prior conviction as to which the defendant has been pardoned to enhance a sentence pursuant to the HFOA, would increase the sentence beyond the maximum allowed by law and thus render it illegal.
A sentence that exceeds the maximum allowed by law is an illegal sentence affecting the trial court's jurisdiction. A challenge to an illegal sentence is "not precluded by the limitations period or by the rule against successive petitions." Jones v. State, 724 So.2d 75, 76
(Ala.Crim.App. 1998). "[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." Rogers v. State, 728 So.2d at 691. Thus, this claim is not procedurally barred.
Wallace's assertion that he received a full pardon in case no. CC-83-31 was not disputed by the State.[1] When the State does not refute a petitioner's allegation, the unrefuted statements must be taken as true. See Chaverst v.State, 517 So.2d 643, 644 (Ala.Crim.App. 1987). However, the State argues on appeal that Wallace is not entitled to relief on this claim because "Wallace has submitted no evidence to support his assertion that he was pardoned for the offense in the 1985 or 1988. Thus, there were no facts supporting his claim for relief. . . ." (State's brief at p. 11.)
Wallace's petition was summarily dismissed following the pleading stage of the proceedings. There was no burden on Wallace to present evidence proving his claim at the pleading stage. His burden was to plead sufficient facts, that, if true, would entitle him to relief.
 "`Rule 32.6(b) requires that the petition
itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion "which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373
(Ala.Crim.App. 1993). It is the allegation of facts in *Page 1166 
pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts."
Boyd v. State, 913 So.2d 1113, 1125
(Ala.Crim.App. 2003) (some emphasis in Boyd; some emphasis added).[2]
A simple example of insufficient pleading is an assertion that the petitioner received ineffective assistance of counsel. Ineffective assistance of counsel would entitle a petitioner to relief. However, stating in the pleading "I received ineffective assistance of counsel" is merely the pleading of the petitioner's conclusion that counsel was ineffective. It places nothing before the circuit court to suggest that counsel was ineffective. It is incumbent that the petitioner to include the facts underlying the alleged conclusion that counsel was ineffective. The petitioner must plead exactly what counsel did or failed to do that constituted deficient performance, and the petitioner must plead how the alleged deficiencies prejudiced the outcome of the trial.[3] The State may dispute the allegations in a response to the petition. However, once the circuit court determines that the petitioner's petition contains sufficient facts, that, if true, would entitle the petitioner to relief, the petitioner is then granted the opportunity to prove the facts contained in the petition at a hearing or as otherwise provided in Rule 32.9(a), Ala. R.Crim. P.
Here, unlike a claim such as ineffective assistance of counsel, which has broad, almost unlimited, possibilities as to its commission and effect on the trial, Wallace claimed that a pardoned prior conviction was used to enhance his sentence. Wallace either received a pardon on the prior conviction or he did not. This is a simple, straightforward allegation. There are no facts that Wallace could plead underlying the claim other than to name the conviction that was pardoned and to state when the conviction was pardoned. Essentially, Wallace needed to plead enough to allow the State to investigate and respond. Here, Wallace pleaded under oath that on May 2, 1983, he was convicted in Bibb County in case no. CC-83-31 of receiving stolen property in the second degree. He pleaded that he received "a full and unconditional pardon for prior conviction CC-83-31, in which the pardon was granted some time between 1985 and 1988" and that this pardoned conviction was used to enhance his sentence in the instant case. (CR. 19.) This assertion was not disputed by the State. Therefore, this is an undisputed allegation of fact, which, if true, entitled Wallace to relief. Having sufficiently pleaded the claim, Wallace was entitled to an opportunity to prove his allegation.
Therefore, because Wallace presented a sufficiently pleaded, unanswered, illegal *Page 1167 
sentence claim, we remand this cause to the circuit court with instructions for the circuit court to give the State an opportunity to respond to Wallace's claim and to conduct either an evidentiary hearing or to "take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing," as provided in Rule 32.9(a), Ala. R. Crim. P. The circuit court is directed to make specific, written findings of fact, see Rule 32.9(d), Ala. R. Crim. P., regarding Wallace's claim that he received a pardon in case no. CC-83-31 receiving stolen property in the second degree and his claim that the conviction in case no. CC-83-31 was thus improperly used to enhance his sentence.
If the circuit court determines that Wallace received a pardon in case no. CC-83-31 and that the conviction in case no. CC-83-31 was used to enhance his sentence, it shall resentence Wallace accordingly.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and/or a transcript of the evidentiary hearing or any evidence obtained pursuant to Rule 32.9, Ala. R.Crim. P.
 IV.
With regard to claim four, as set out above, we note that "[t]he proper procedure for challenging the validity of prior felony convictions used for enhancing a sentence under the Habitual Felony Offender Act is to file a Rule 32, [Ala.] R.Crim. P., petition in the court of conviction for the conviction being challenged." Sturdivant v. State,643 So.2d 1013, 1014 (Ala.Crim.App. 1993). See also McHarris v.State, 623 So.2d 400 (Ala.Crim.App. 1993); and Crum v.State, 611 So.2d 495 (Ala.Crim.App. 1992). Because the proper vehicle for Wallace to challenge the validity of the prior drug conviction used to enhance his sentence under the HFOA would be through a separate Rule 32 petition challenging that conviction, not the present petition challenging his 1999 guilty-plea convictions for second-degree kidnapping and first-degree sexual abuse, summary denial of this claim of the petition was proper.
 V.
Wallace further alleges on appeal that the trial judge should have recused himself from the Rule 32 proceedings. However, although he referenced in his petition the judge's prior involvement in his legal proceedings, those facts did not constitute a claim. Although he now attempts to categorize those factors as a separate claim on appeal, it is well settled that "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239
(Ala.Crim.App. 1997). See also Bearden v. State,825 So.2d 868, 872 (Ala.Crim.App. 2001)("Although Bearden attempts to include more specific facts regarding his claims of ineffective assistance of counsel in his brief to this Court, those allegations are not properly before this Court for review because Bearden did not include them in his original petition before the circuit court.").
 VI.
Finally, Wallace claims that the circuit court erred in denying his petition before the State responded to his petition. To the extent that this constitutes a separate claim, we note simply that it is well settled that a circuit court may summarily deny a Rule 32 petition under Rule 32.7(d), as the circuit court did here, before the State files a response. See, e.g., Bishop v. State, *Page 1168 608 So.2d 345, 347-48 (Ala. 1992) (holding that where a simple reading of a petition for postconviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court may summarily dismiss that petition without requiring a response from the district attorney).
Thus, except for Wallace's illegal sentence claim based on the use of case no. CC-83-31 for enhancement under the HFOA, all of Wallace's claims were either barred, insufficiently pleaded, or without merit. Therefore, summary denial as to those claims was proper.
Based on the foregoing, the judgment of the circuit court is affirmed, but remanded for the circuit court to determine whether Wallace was pardoned in case no. CC-83-31 and to take any necessary action.
ON REHEARING EX MERO MOTU: UNPUBLISHED MEMORANDUM OF APRIL 21, 2006, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., concurs in part and dissents in part, with opinion.
[1] The petition was summarily dismissed before the State responded.
[2] This case is distinguishable from Fincher v.State, 837 So.2d 876 (Ala.Crim.App. 2002). Fincher raised his claim regarding an illegal sentence for the first timeon appeal. However, there was nothing in the record supporting the claim, and, thus, there was no reason to presume that a jurisdictional defect occurred regarding the imposition of the sentence. Unlike Fincher, Wallace did raise and did sufficiently plead his claim in his Rule 32 petition. However, although the better practice would be for the petitioner to attach a copy of the certificate of pardon to the petition, it is not a fatal omission in the pleading phase.
[3] In order to successfully argue an ineffective assistance of counsel claim, Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires that the appellant prove that counsel's performance was deficient and that the deficiency prejudiced the appellant.
* Note from the reporter of decisions: On December 15, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.