AFFIRMED BY UNPUBLISHED MEMORANDUM IN PART; DISMISSED IN PART.
McMILLAN, P.J., and COBB, J., concur.
BASCHAB, J., concurs in the result.
SHAW, J., concurs in the result in part and dissents in part, with opinion.
SHAW, Judge, concurring in the result in part and dissenting in part.
With respect to the two claims that were properly presented in Freddie Lee Jackson's Rule 32, Ala.R.Crim.P., petition for postconviction relief (i.e., his claim that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, the trial court failed to administer the oath to the petit jury and his claim that he was incompetent to stand trial), I agree that the circuit court's order denying relief was proper and is due to be affirmed. With respect to Jackson's request for reconsideration of his sentence under § 13A-5-9.1, Ala. Code 1975, as this Court notes in its unpublished memorandum, that claim is not cognizable in a Rule 32 petition, and the circuit court should not have considered it on its merits. Rather, the circuit court should have denied the claim on the ground that it was not cognizable in a Rule 32 petition. See, e.g., Wallace v. State, 959 So.2d 1161
(Ala.Crim.App. 2006) (holding that Rule 32 petitioner's challenge to the validity of his prior convictions was not cognizable in a Rule 32 petition challenging a different conviction and, thus, that the circuit court properly denied the claim). However, it is well settled that if the circuit court is correct for any reason, its judgment will be affirmed by this Court. I would affirm the circuit court's denial of Jackson's request for sentence reconsideration on the ground that the claim was not cognizable in a Rule 32 petition and should have been filed separately under the procedure discussed in Holtv. State, 960 So.2d 726 (Ala.Crim.App. 2006); therefore, I respectfully dissent from this Court's dismissal of that portion of the circuit court's judgment.
 *Page 83