Eflen D. Kelley appeals from the circuit court's summary denial of his Rule 32, Ala. R.Crim.App., petition. The petition sought postconviction relief from his October 31, 2005, convictions, following pleas of guilty, and sentences in the following *Page 974 
cases: CC-04-5030, first-degree theft of property, a Class B felony; CC-05-1893, third-degree robbery, a Class C felony; and CC-05-4481, second-degree theft of property, a Class C felony. Kelley was sentenced to 25 years' imprisonment for each conviction, the sentence to be served concurrently. He did not pursue a direct appeal of any of the convictions. Kelley was represented by the same counsel at the guilty-plea proceeding and at sentencing. The Rule 32 petition that is the subject of this appeal was deemed timely filed on April 18, 2006.
Kelley claimed in his petition that each 25-year sentence was illegal because, he says, they each exceeded the maximum allowed by law in that he was not sentenced as a habitual felony offender pursuant to the Habitual Felony Offender Act (the "HFOA"). See § 13A-5-9, Ala. Code 1975. Thus, according to Kelley, the trial court lacked jurisdiction to impose the sentences. According to Kelley, the maximum sentence allowed was between 1 year and 1 day and 10 years for his Class C felony convictions and between 2 years and 20 years for his Class B felony conviction. See §§ 13A-5-6(a)(2) and (3), Ala. Code 1975.
Kelley also claimed that his guilty pleas were not entered into knowingly and voluntarily because he was not advised of the correct minimum sentences for each offense. He further claimed that his trial counsel was ineffective because, he says: trial counsel coerced him into pleading guilty by promising him a 15-year sentence if he signed a plea-agreement form; trial counsel failed to file a motion to set aside his guilty plea and sentence; trial counsel did not inform him that he was entering a blind plea; trial counsel did not adequately explain the consequences of the plea to him; trial counsel coerced him into entering a guilty plea; trial counsel failed to object to the 25-year sentences, but instead, allowed him to enter a blind plea without knowledge that he would be sentenced as a habitual felon. Finally, Kelley claimed that his punishments are disproportionate to his crimes and to punishments imposed for more serious offenses, and, thus, that they violate theEighth Amendment of the United States Constitution.
The State responded to the petition by arguing that Kelley's claims were procedurally barred by Rules 32.2(a)(3) and 32.2(a)(5) and insufficiently pleaded as set forth in Rules 32.3 and 32.6(b). Moreover, the State asserted that the claims failed on the merits because:
 "[T]he Petitioner had four prior felony convictions at the time of his plea. In each of the Court's files in these matters, there is an Explanation of Rights and Range of Punishment form that explains that, because of the Petitioner's prior convictions, the range of punishment under the Habitual Felony Offender provisions is a minimum of 15 years and up to 99 years or Life in prison. The Petitioner and his attorney signed each of these forms.
 "Additionally, in each of the Court's files is the plea agreement signed by the Petitioner and his Attorney that indicates that he is to receive a 25-year sentence due to his 4 prior felonies and that each of those sentences will run concurrent. Under Alabama Code § 13A-5-9 (1975), the Petitioner's sentence was perfectly legal."
(CR. 37.)
As to Kelley's ineffective-assistance-of-counsel claims, the State argued that
 "[s]ince Petitioner's claims of an illegal sentence have all been refuted by the documentary evidence in the Court file, it is clear that Petitioner's attorney met and indeed exceeded the standard set *Page 975 
out by the Supreme Court for assistance of counsel. Counsel cannot be held in error for failing to attack matters that were virtually unassailable."
(CR. 38.)
On June 2, 2006, the circuit court entered a written order finding that "[u]pon consideration of Petitioner's allegations, the State's response, and the record in this case," Kelley's claims that his sentences were illegal and that trial counsel was ineffective were procedurally barred "by various provisions of Rule 32.2(a) . . . fail[ed] to meet his burden of proof as required by Rule 32.3 . . . lack[ed] the specificity required by Rule 32.3 . . . [and lacked] merit." (CR. 41.)
Kelley appeals, reiterating his claim that his sentence was illegal because it exceeded the maximum allowed by law and that counsel was ineffective.[1]
 I.
Specifically regarding his HFOA claim, Kelley argues on appeal that his "claim is not against the [S]tate's failure to give notice or notice of prior felony convictions, but his sentence is illegal because he was not sentenced under the HFOA by the trial court applying the Act to his sentence, and that there are no procedural bars to his claim." (Kelley's brief at p. 6-7.) He continues by asserting that he "does not wish to withdraw his guilty plea, he wish[es] to challenge the implementation of the Habitual Felony Offender Act that was not applied to his sentence." (Kelley's brief at p. 8.)
The pleadings are in dispute as to the application of the HFOA to Kelley's sentence. Kelley asserts that it was not applied to his sentences, and the State asserts that Kelley admitted to having four prior felonies when he entered his pleas. SeeMartin v. State, 687 So.2d 1253, 1256
(Ala.Crim.App. 1996) ("When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975.").
When facts are disputed, "[t]he standard of review on appeal in a postconviction proceeding is whether the trial judge abused his discretion when he denied the petition. Ex parteHeaton, 542 So.2d 931 (Ala. 1989)." Elliott v.State, 601 So.2d 1118, 1119 (Ala.Crim.App. 1992).
Kelley's claim regarding the HFOA was sufficiently pleaded, and, if the facts underlying the claims are true, this claim will entitle Kelley to relief. Thus, the circuit court's finding in this regard was an abuse of discretion. The circuit court also stated in its order dismissing the petition that Kelley failed to meet his burden of proof under Rule 32.3, Ala. R.Crim. P.; however, Kelley had no burden of proof at the pleading stage of the proceedings. See Ford v.State, 831 So.2d 641, 644 (Ala.Crim.App. 2001) ("Once a petitioner has met his burden of pleading . . . he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."); Rule 32.3, Ala. R.Crim. P. Additionally, a challenge to the legality of a sentence is jurisdictional and may be raised at any time. See, J.N.J.v. State, 690 So.2d 519, 520 (Ala.Crim.App. 1996) ("An illegal sentence may be challenged at any time."). Therefore, the circuit court erred by finding Kelley's claims procedurally *Page 976 
barred. Additionally, the circuit court's findings on the merits are not supported by the record before this Court. The record consists merely of pleadings. Because the record before us does not support the circuit court's findings, we cannot affirm the circuit court's denial of Kelley's claim regarding the HFOA. Accordingly, we must remand this case to the circuit court for further proceedings.
 II.
Kelley argues on appeal that trial counsel was ineffective at the sentencing phase of the proceedings because: 1) counsel failed to object to the State's lack of notice of intent to proceed under the HFOA; 2) counsel failed to investigate whether Kelley had any prior felony convictions; and 3) counsel failed to object to Kelley's sentences being in excess of the statutory sentence range. In order to prevail on an ineffective-assistance-of-counsel claim, the appellant must meet the two-pronged test set out in Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984), requiring that the appellant show that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance.
Kelley's petition was timely filed so as to challenge counsel's effectiveness. See Rule 32.2(c), Ala. R.Crim. P. Moreover, because Kelley did not seek review by direct appeal, this petition is his first opportunity to challenge counsel's performance; thus, his claims are not procedurally barred by Rules 32.2(a)(3) and (5), Ala. R.Crim. P. See Ex parteIngram, 675 So.2d 863 (Ala. 1996) (the proper method for presenting an ineffective-assistance-of-trial-counsel claim that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition); Rule 32.2(d), Ala. R.Crim. P. ("Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable.").
However, claims 1 and 2 in Kelley's brief to the Court were not presented to the circuit court. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v.State, 716 So.2d 237, 239 (Ala.Crim.App. 1997).
However, as to claim 3 in Kelley's brief to the Court, because Kelley's sentences do exceed the maximum allowed by law unless they were enhanced by the application of the HFOA, Kelley's pleadings met the two-pronged Strickland test. Accordingly, we must remand this case to the circuit court for further proceedings.
 III.
We remand this cause for the circuit court to determine whether Kelley is entitled to relief on the above claims. The circuit court is to hold an evidentiary hearing, or, in the alternative, to take evidence by affidavits, written interrogatories, or depositions as provided in Rule 32.9(a), Ala. R.Crim. P. The circuit court then "shall make specific findings of fact relating to each material issue of fact presented," as required by Rule 32.9(d). A return to remand consisting of the transcript of the hearing (or the record of the alternative procedure), the exhibits, and the circuit court's findings of fact shall be filed in this Court within 42 days from the release of this opinion. On remand, the circuit court is authorized to grant Kelley whatever relief, if any, is appropriate, including resentencing Kelley pursuant to the appropriate statute. *Page 977 
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
[1] Claims Kelley argued in his petition to the trial court but did not pursue on appeal are deemed abandoned. Brownleev. State, 666 So.2d 91, 93 (Ala.Crim.App. 1995).
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 375