The appellant, James Mosley, appeals from the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his January 1996 conviction for child abuse and his resulting sentence as an habitual felony offender to 20 years' imprisonment. On November 22, 1996, this Court affirmed Mosley's conviction and sentence, by unpublished memorandum.Mosley v. State (No. CR-95-1125), 698 So.2d 799
(Ala.Crim.App. 1996) (table). A certificate of judgment was issued on February 4, 1997.
On May 28, 2006, Mosley filed this, his first, Rule 32 petition, in which he argued: (1) that the trial court was without jurisdiction to sentence him as an habitual felony offender because, he said, his sentence was illegally enhanced under the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975 ("the HFOA"); (2) that he was not given notice that the State would be invoking the HFOA; and (3) that newly discovered evidence exists that proves that he did not commit the crime for which he was convicted. On September 19, 2006, the State filed its motion to dismiss, in which it contended that Mosley's arguments were both precluded from appellate review and without merit. On November 14, 2006, the trial court issued an order denying Mosley's petition. This appeal followed.
On appeal, Mosley reasserts the claims presented in his petition to the trial court.
Mosley first argues that the trial court was without jurisdiction to sentence him as an habitual felony offender because, he said, his sentence was illegally enhanced under the HFOA. Specifically, Mosley contends that a violation of § 26-15-3, Ala. Code 1975, is not subject to enhancement under the provisions of the HFOA and, thus, that he was improperly sentenced to 20 years' imprisonment.[1] A sentence that exceeds the maximum allowed by law is an illegal sentence affecting the trial court's jurisdiction. A challenge to an illegal sentence is "not precluded by the limitations period or by the rule against successive petitions." Jones v.State, 724 So.2d 75, 76 (Ala.Crim.App. 1998). "[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." Rogers v.State, 728 So.2d at 691. Thus, this claim is not procedurally barred. This Court has held that an illegal sentence may be challenged at any time, because if it has imposed an illegal sentence, the trial court has exceeded its jurisdiction and the sentence is void. Henderson v.State, 895 So.2d 364, 365 (Ala.Crim.App. 2004). As a result, Mosley has raised a jurisdictional claim not subject to the procedural bars set forth in Rule 32. With regard to the issue before us, this Court has stated: *Page 478 
 "Because § 26-15-3 is not an offense enumerated in Title 13A, because § 26-15-3 has neither been declared a felony nor classified as a particular felony, and because § 26-15-3 provides its own finite punishment range, we hold that the HFOA cannot be applied to enhance a conviction for child abuse under § 26-15-3."
Kennedy v. State, 929 So.2d 515, 523
(Ala.Crim.App. 2005). The State concedes that Mosley's sentence was improperly enhanced and requests that the case be remanded. We agree that a remand is necessary.
Based on the foregoing, we conclude that Mosley's sentence was improperly enhanced, and we remand this cause for the trial court to resentence him within the range provided for in § 26-15-3. Due return shall be made to this Court within 35 days of the release of this decision and shall include a transcript of the evidentiary hearing, if conducted, and any other evidence received by the court, and the circuit court's specific written findings of fact. We pretermit discussion of Mosley's remaining claims pending the circuit court's return to our remand.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
[1] At the time the offense was committed, a violation of § 26-15-3, Ala. Code 1975, was not deemed a felony and the Alabama Code specifically provided for a sentence of 1 to 10 years' imprisonment for the offense.
* Note from the reporter of decisions: On December 7, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 1093