MAIN, Judge,
dissenting.
I respectfully dissent from the per cu-riam opinion affirming the circuit court’s summary dismissal of Kegler’s petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
At the onset, I note, as did the majority, that Kegler has filed a number of postcon-viction petitions challenging his conviction and sentence and that in several of those petitions he either alleged that he did not receive notice of the State’s intent to apply the Habitual Felony Offender Act (“the HFOA”) or that the State did not prove his prior convictions. All of those prior allegations were nonjurisdictional. See Wallace v. State, 959 So.2d 1161, 1164 (Ala.Crim.App.2006) (“A challenge to insufficient notice of the State’s intent to seek application of the HFOA is subject to the procedural bars in Rule 32.2, Ala. R.Crim. P.”); and Ex parte Batey, 958 So.2d 339, 341 (Ala.2006) (“[T]he failure to prove a prior conviction is not a jurisdictional matter; therefore, consideration of that issue in a Rule 32 petition is precluded.”).
In the present petition, however, Kegler has alleged that the HFOA was neither invoked nor applied. In other words, he argues that he was not sentenced under the HFOA, but rather, was sentenced to 25 years’ imprisonment for an offense that, at the time, allowed only for a range of punishment of not more than 10 years or less than 1 year and 1 day. Thus, he asserts, his sentence is illegal. An illegal sentence is not subject to the procedural bars of Rule 32. See Kelley v. State, 985 So.2d 972 (Ala.Crim.App.2007). Thus, for this Court to apply the successive bar to Kegler’s present claim, two factors must be in place: (1) Kegler must have raised the same or a similar claim in a prior petition; and (2) that claim must have been adjudicated on the merits in the previous proceedings. See Ex parte Trawick, 972 So.2d 782 (Ala.2007).
I believe that the majority has erred in relying on language in this Court’s memorandum affirmances in two of Kegler’s previous petitions (CR-03-0261 and CR-07- *227 1655). I agree with the majority in the present appeal and with the language quoted from some of Kegler’s earlier appeals that it appears that Kegler has two prior felony convictions that would qualify for enhancement purposes. However, nothing in the language relied upon by the majority in this ease suggests that the State or trial court had invoked the HFOA or that the trial court had applied the HFOA at sentencing. Application of the HFOA is mandatory, but the HFOA must first be invoked by either the State or the trial court. See Cunny v. State, 629 So.2d 693 (Ala.Crim.App.1993). See also Ex parte Williams, 510 So.2d 135 (Ala.1987) (the HFOA is not self-executing but instead must first be invoked before a defendant may be sentenced pursuant to the HFOA). Thus, I cannot say that the question whether the HFOA had been invoked had previously been adjudicated on the merits in the denial of any of Kegler’s previous petitions.
For these reasons, I do not believe that this Court’s previous memorandum affir-mances provide the basis for denying the present petition.[3] Rather, I would remand this case to the circuit court for that court to allow the State an opportunity to respond to the petition, and for the circuit court then to proceed as provided in Rule 32.9, Ala.R.Crim.P. Therefore, I respectfully dissent.

. I suggest that a stronger basis for affirming the present petition is found in the very language of many of Kegler’s previous petitions in which he characterized his sentence as having been imposed pursuant to the HFOA. I do not believe that to be a basis for affir-manee, however, because Kegler avers in the present petition that his previous characterization was based on his mistaken belief and assumption that the HFOA had been invoked and applied.