MOORE, Chief Justice
(concurring specially).
Terry Bland petitions this Court to review the Court of Criminal Appeals’ affir-mance, by unpublished memorandum, of the circuit court’s denial of his most recent Rule 32, Ala. R.Crim. P., petition for post-conviction relief. Bland v. State (No. CR-14-0181, March 6, 2015), — So.3d - (Ala.Crim.App.2015) (table). Bland challenges his October 9, 1991, conviction for murder and his sentence of life imprisonment without the possibility of parole. He argues that the circuit court lacked the jurisdiction to sentence him under the Alabama Habitual Felony Offender Aet, § 13A-5-9, Ala.Code 1975 (“the HFOA”), by enhancing his sentence using two prior convictions for which, he says, he was pardoned.
I concur with the decision of this Court to deny Bland’s petition for a writ of cer-tiorari because, in my view, the petition fails to meet the requirements set forth in Rule 39, Ala. R.App. P. I write separately to note that, if Bland’s .allegations about his being pardoned for the convictions used to enhance his sentence are true and if he can demonstrate that this claim has not been addressed in proceedings related to an earlier petition, Bland may be entitled to the relief he is seeking. This Court has held that “pardoned convictions cannot be used to enhance [a] sentence under the [HFOA].” Ex parte Casey, 852 So.2d 175, 181 (Ala.2002).[1] Moreover, the. Court of Criminal Appeals, citing the principle that “ ‘an allegedly illegal sentence may be *1060 challenged at any time,’” Henderson v. State, 895 So.2d 364, 365 (Ala.Crim.App.2004) (quoting Rogers v. State, 728 So.2d 690, 691 (Ala.Crim.App.1998)), has held that a full pardon for prior convictions removes those convictions from consideration for purposes of the HFOA and, hence, that any sentence based on those convictions is illegal and thus void, because it exceeds the trial court’s jurisdiction. Henderson, 895 So.2d at 365. In light of the foregoing, Bland may still challenge the allegedly illegal sentence on the ground that it was, according to Bland, illegal because it relied on convictions for which Bland claims he was pardoned and therefore void.

. I dissented in Casey and did not write; my ing. dissent, however, was not based on that hold-