BURKE, Judge.
David Lee Sanders appeals the revocation of his probation imposed pursuant to his 2011 guilty-plea conviction for first-degree rape and his sentence of 20 years, which was split, and Sanders was ordered to serve 5 years followed by 5 years' supervised probation. A probation-violation report was filed, alleging that Sanders had violated the terms of his probation by failing to report a change of address, and failing to pay supervision fees.
Although Sanders challenges on appeal the revocation of his probation, the record reveals that Sanders may have been illegally sentenced. The State's response to Sanders's motion to reconsider the probation revocation indicates that Sanders was indicted for first-degree rape and first-degree sodomy of C.J.S., "a six-year-old relative." (C. 34.) This response states that, pursuant to a plea bargain, Sanders pleaded guilty to the first-degree-rape charge and was sentenced to 20 years; that sentence was split, and he was ordered to serve 5 years followed by 5 years' probation. Neither the plea bargain nor any further information concerning Sanders's conviction is included in the record. Moreover, Sanders apparently did not appeal his guilty-plea conviction.
In Enfinger v. State, 123 So.3d 535, 537 (Ala. Crim. App. 2012), this Court stated:
"Initially, we note that, although the legality of Enfinger's sentence was not first argued in the circuit court, we have held that when the circuit court does not have the authority to split a sentence under the Split-Sentence Act, § 15-18-8, Ala. Code 1975, 'the manner in which the [circuit] court split the sentence is illegal[,]' Austin v. State, 864 So.2d 1115, 1118 (Ala. Crim. App. 2003), and that '[m]atters concerning unauthorized sentences are jurisdictional.' Hunt v. State, 659 So.2d 998, 999 (Ala. Crim. App. 1994). Thus, this Court may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala. Crim. App. 1999).[1]
*901 "....
" Section 15-18-8(a), Ala. Code 1975, specifically exempts from the Split-Sentence Act those offenders who have been convicted of 'a criminal sex offense involving a child as defined in Section 15-20-21(5).' Section 15-20-21(5), Ala. Code 1975, defines 'criminal sex offense involving a child' as '[a] conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.' Additionally, § 15-18-8(b), Ala. Code 1975, specifically precludes the circuit court from imposing a term of probation for offenders convicted of 'a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.' Thus, the circuit court did not have the authority to either impose a split sentence or to impose a term of probation. See § 15-18-8(a) and (b), Ala. Code 1975. Therefore, the 'execution of [Enfinger's] sentence is illegal.' Simmons v. State, 879 So.2d 1218, 1222 (Ala. Crim. App. 2003)."
123 So.3d at 537. The Enfinger Court addressed a factual situation "where the circuit court impose[d] a split sentence and a term of probation under the Split-Sentence Act when it had no authority to do so and later conduct[ed] a probation-revocation hearing at which it revoke[d] a defendant's probationary term and order[d] that the defendant serve the remainder of his underlying sentence in prison." 123 So.3d at 538. This Court reversed the circuit court's judgment, finding that the revocation was void, and remanding the case to the circuit court to resentence Enfinger accordingly.
Pursuant to Enfinger, because the nature of Sanders's guilty-plea conviction may exempt him from application of the Split-Sentence Act,[2] the circuit court may have had no authority to apply the Split-Sentence Act to him and no authority to impose a term of probation on Sanders. See § 15-18-8(a) and (b), Ala. Code 1975. If Sanders was convicted of the rape of a child under 12 years of age, the court further had no authority to conduct a probation-revocation hearing and revoke Sanders's probation under § 15-18-8(c), Ala. Code 1975. If the circuit court had no authority to impose a term of probation or to revoke that probation, the circuit court's order revoking Sanders's probation would be void. See also Hicks v. State, 138 So.3d 338, 342 (Ala. Crim. App. 2013) ("Because the circuit court did not have the authority to sentence Hicks to the split sentences or to impose terms of probation, the circuit court did not have authority to revoke Hicks's probation; thus, its order revoking Hicks's probation is void.").
This case is therefore due to be remanded for the circuit court to determine if Sanders was convicted of the rape of a child under the age of 12. If so, Sanders is due to be resentenced. Because his 20-year sentence was valid, the circuit court may not change it. Enfinger, 123 So.3d at 538. Thus, if the court determines that *902 Sanders was convicted of the rape of a child under the age of 12, the circuit court must conduct another sentencing hearing and vacate that portion of its judgment splitting Sanders's sentence.
Additionally, we note that the record indicates that Sanders was convicted as the result of a plea bargain; however, the record is unclear as to whether the sentence was part of the plea bargain. "Thus, 'it is impossible for this Court to determine whether resentencing [Sanders] will affect the voluntariness of his plea.' Austin [v. State], 864 So.2d [1115] at 1119 [ (Ala. Crim. App. 2003) ]. If [Sanders is due to be resentenced and] the split sentence was a term of [Sanders's] 'plea bargain,' and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R. Crim. P." Enfinger, 123 So.3d at 539. See also Hicks v. State, 138 So.3d at 342 ("[T]he record is unclear whether Hicks's sentences were the result of a plea agreement. Thus, this Court is unable to determine whether resentencing Hicks will affect the voluntariness of his pleas. If the split sentences were the result of any plea agreements and, if Hicks moves to withdraw his guilty pleas, the circuit court should conduct a hearing to determine whether withdrawal of the pleas is necessary to correct a manifest injustice.").
This case is remanded to the circuit court for proceedings consistent with this opinion. Due return, including findings of fact and, if Sanders is resentenced, a transcript of the proceedings conducted on remand, shall be made to this Court within 42 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Welch and Joiner, JJ., concur. Kellum, J., not sitting.

See also Simons v. State, 217 So.3d 16, 22 (Ala. Crim. App. 2016) (" ' "[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." ' Mosley v. State, 986 So.2d 476, 477 (Ala. Crim. App. 2007) (quoting Rogers v. State, 728 So.2d 690, 691 (Ala. Crim. App. 1998) ).").

First-degree rape is defined by § 13A-6-61(a)(3), Ala. Code 1975, as follows: "A person commits the crime of rape in the first degree if [h]e or she, being 16 years or older, engages in sexual intercourse with a member of the opposite sex who is less than 12 years old." Rape in the first degree is a Class A felony.

Note from the reporter of decisions: On April 20, 2017, on return to remand, the Court of Criminal Appeals remanded the case by order. On June 28, 2017, on return to second remand, the Court of Criminal Appeals dismissed the appeal, without opinion.