Rel: June 26, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

_____

### CR-2026-0126

_____

## Kevin Michael Bruce

## v.

## State of Alabama

## Appeal from Lauderdale Circuit Court
### (CC-24-929)

MINOR, Judge.

Kevin Michael Bruce beat a small dog and drowned it in a shallow creek. He pleaded guilty to first-degree cruelty to a dog under § 13A-11-241(a), Ala. Code 1975, a Class C felony. The Lauderdale Circuit Court sentenced Bruce as a habitual felony offender to 15 years' imprisonment, split to serve 2 years in prison followed by 5 years of probation. Bruce

appeals only his sentence, arguing that the circuit court erred in sentencing him as a habitual felon. As the State concedes, the Habitual Felony Offender Act ("the HFOA"), § 13A-5-9. Ala. Code 1975, does not apply to Bruce's conviction under § 13A-11-241(a). Thus, we reverse the circuit court's judgment sentencing Bruce and remand this cause to the circuit court.

<u>Facts and Procedural History</u>

A grand jury indicted Bruce in November 2024 for aggravated cruelty to an animal under § 13A-11-14.1, Ala. Code 1975. In February 2026, Bruce pleaded guilty to first-degree cruelty to a dog under § 13A-11-241(a). Bruce admitted that he had four prior felony convictions but disagreed with the State about whether his sentence could be enhanced under the HFOA.[1] The circuit court applied the HFOA and sentenced

---

[1]Bruce reserved for appeal whether the HFOA applied to his conviction. We note, however, that

> "'"[a]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void."' <u>Mosley v. State</u>, 986 So. 2d 476, 477 (Ala. Crim. App. 2007) (quoting <u>Rogers v. State</u>, 728 So. 2d 690, 691 (Ala. Crim. App. 1998))."

<u>Simons v. State</u>, 217 So. 3d 16, 22 (Ala. Crim. App. 2016).

Bruce to 15 years' imprisonment, split to serve 2 years in prison followed by 5 years of probation. Bruce appeals only his sentence.

## Standard of Review

"[W]here the facts are not in dispute and we are presented with pure questions of law, this Court's standard of review is de novo." Ex parte Jarrett, 89 So. 3d 730, 732 (Ala. 2011).

## Analysis

On appeal, Bruce argues that the HFOA cannot be used to enhance a sentence for a conviction under § 13A-11-241(a). He argues that his 15-year sentence is illegal because it exceeds the 10-year maximum sentence for a Class C felony under § 13A-5-6(a)(3), Ala. Code 1975. In support of his position, Bruce cites this Court's decision in Simons v. State, 217 So. 3d 16 (Ala. Crim. App. 2016). The State concedes on appeal that the circuit court erred in using the HFOA to enhance Bruce's sentence.

Although a conviction under § 13A-11-241(a) is a Class C felony, that subsection provides: "A conviction for a felony pursuant to this section shall not be considered a felony for purposes of the Habitual

Felony Offender Act, Sections 13A-5-9 to 13A-5-10.1, inclusive."[2] In

Simons, this Court held:

> "This Court finds the meaning of § 13A-5-241(a) to be plain and clear. The rational, straightforward, reading of the first-degree-animal-cruelty statute explicitly states that first-degree cruelty to a dog or cat is not to be considered a felony for purposes of the HFOA. Because it is not considered a felony for HFOA purposes, a conviction for first-degree cruelty to a dog or cat can have no application under the HFOA, because the HFOA concerns only felony convictions. Therefore, a conviction for first-degree cruelty to a dog or cat cannot be applied as a prior felony conviction to enhance a sentence for a subsequent felony conviction, nor can a prior felony conviction enhance a sentence for a subsequent conviction for first-degree cruelty to a dog or cat."

217 So. 3d at 25.

In accordance with Simons, we hold that the circuit court erred in applying the HFOA to enhance the sentence for Bruce's conviction under § 13A-5-241(a). Bruce's 15-year sentence is thus illegal. § 13A-5-6(a)(3).

## Conclusion

The judgment of the circuit court sentencing Bruce is reversed, and

---

[2]As noted, a grand jury indicted Bruce for aggravated cruelty to a dog under § 13A-11-14.1, Ala. Code 1975. "Unlike first-degree cruelty to a dog or cat, a sentence for a conviction under § 13A-11-14.1 may be enhanced under the Habitual Felony Offender Act." Simons v. State, 217 So. 3d 16, 26-27 (Ala. Crim. App. 2016) (Windom, P.J., concurring specially).

the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, and Anderson, JJ., concur.