(134 So. 29)

## PAINTER v. STATE.

### 7 Div. 753.

Court of Appeals of Alabama.
March 24, 1931.

Rehearing Denied April 7, 1931.

Haralson & Son, of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The prosecution against this appellant was for a violation of the prohibition law. A jury trial was demanded, and upon the trial there was direct testimony of two witnesses to the effect that this appellant sold to them a bottle of whisky for which they paid him. These witnesses testified they bought the whisky from him at his home on the 13th of June, 1930, about 11 o'clock at night, no one being present except the two state witnesses, Palmer and Holeman.

The defendant (appellant) denied emphatically the testimony of the state witnesses and testified on the night in question neither of said parties came to his house, and that he did not sell them whisky then or at any other time. His own family and two neighbors who were visiting him at the time testified as did the defendant.

An exception was reserved to the action of the court in overruling the motion for a new trial. This is the only point of decision presented for our consideration. The motion for a new trial contained three grounds: "(1) Because the verdict is contrary to the evidence; (2) Because the verdict is contrary to the law in this case; (3) Because the evidence is not sufficient to support the verdict of the jury."

In brief and argument, able counsel for appellant make the following insistence: "We most earnestly and respectfully insist that the motion ought to have been granted. It is true that there was testimony sufficient to carry the case to the jury, but a careful study of all the testimony, we think, will convince the court that the verdict of guilt by the jury is so shocking as to justify the court in granting the motion for a new trial. It needs no citation of authority to support the proposition that a verdict of guilt should be set aside whenever it is so erroneous as to shock the conscience of the court. And this is the only ground upon which we insist for the reversal of the case. * * * But it may be said that those were questions for the jury. It is true that that suggestion is correct, but it has ever been the law that when a verdict of the jury is so erroneous as to shock the conscience of the court, that the court should set aside such verdict, even though there is positive and direct testimony for the State. As we all know, our Appellate Courts have held from time immemorial that no greater duty rests upon a judge than to set aside a verdict under such circumstances, and failing to do so the higher courts will reverse for such failure."

The force and effect of the foregoing argument is that this court should hold that the state's witnesses in this case were unworthy of belief, and as a matter of law their testimony should here be disregarded and held for naught. This, of course, we are without authority to do. The prerogative and jurisdiction of this court are appellate only. In a case where it affirmatively appears as a matter of law that there is no evidence to sustain a criminal charge, and the court below should have so held, the trial court will be put to error for failing to do so. But where there is, as here, direct and positive evidence tending to make out the case for the state, we are not vested with the authority to say the witnesses so testifying are not worthy of belief. In other words, if the evidence adduced upon the trial proves or tends to prove the guilt of the defendant, then it is a question for the jury, and, when they have weighed and passed upon its credibility and sufficiency, we cannot disturb their finding, for it is the exclusive province of the jury to pass upon the weight of the evidence and to give to it such probative force to which it is entitled. As a result, we perforce must hold that no error appears in the ruling of the court complained of, and, as the record proper also appears regular and without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.