The defendant was indicted and convicted for the murder of Ernest Hamilton. Sentence was life imprisonment.
The only issue raised on appeal is the sufficiency of the evidence to support the verdict of the jury. We need not detail the evidence against the defendant for the basis of the alleged insufficiency is stated in his motion to exclude.
 "MR. KNIZLEY (Defense Counsel): Judge, at this time the defense would move to exclude all the State's evidence on the grounds that the State has failed to show a prima facie case — the only — prima facie case against my Defendant. The only thing that has made any reference to my Defendant in this crime is the testimony of a individual who is certainly questionable and was certainly stale testimony, it came over a week after this incident happened (that the witness went to the police with his information)."
The State's entire case hinged on the testimony of John Lee Nicholson. He testified that the defendant told him he was going to "mess up" the deceased who had "snitched" on the defendant for stealing some oil. The day after the murder Nicholson told the defendant:
 "I told him he ain't had to kill him, that he could of shot him in his leg or anything. And he (defendant) said he wasn't intent to kill him, all he intent to do was shoot him in the leg or something, but it just got up and killed him."
The defendant argues that Nicholson was a "dubious" witness and not worthy of belief because his testimony at trial differed from that given at the preliminary hearing.
It is not within the province of this Court to hold that a jury should have given no credence to the testimony of a particular witness. Davis v. State, 29 Ala. App. 421,198 So. 153, cert. denied, 240 Ala. 160, 198 So. 155 (1940). Whether the testimony of a prosecution witness was inconsistent or unclear were matters for consideration only by the jury and not this Court. Orforda v. State, 339 So.2d 1038 (Ala.Cr.App.), cert. denied, 339 So.2d 1042 (Ala. 1976). In considering the sufficiency or insufficiency of the evidence to support the verdict, this Court cannot test the credibility of the witnesses. Walker v. United States, 301 F.2d 94 (5th Cir. 1962). This Court can neither pass judgment on the possible truthfulness or falsity of testimony, McBryar v. State,368 So.2d 568 (Ala.Cr.App.), cert. denied, Ex parte McBryar,368 So.2d 575 (Ala. 1979); Fagan v. State, 35 Ala. App. 13,44 So.2d 634, cert. denied, 253 Ala. 444, 44 So.2d 638 (1950), nor on the credibility of witnesses. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1979). The question of the credibility of witnesses is for the jury and its finding is conclusive on appeal. Reeves v.State, 186 Ala. 14, 65 So. 160 (1914); Miles v. State,343 So.2d 801 (Ala.Cr.App.), cert. denied, Ex parte Miles,343 So.2d 806 (Ala. 1977). When the jury has passed on the credibility of evidence tending to establish the defendant's guilt, this Court cannot disturb its finding. Painter v. State,24 Ala. App. 242, 134 So. 29, cert. denied, 222 Ala. 688,134 So. 30 (1931).
A search of the record discloses no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 847