465 So.2d 479 (1984)
Joel Thomas TAYLOR
v.
CITY OF DECATUR.
8 Div. 109.
Court of Criminal Appeals of Alabama.
November 27, 1984.
On Return to Remand February 12, 1985.
*480 Ralph E. Slate, Decatur, for appellant.
Herman H. Marks, Jr., Decatur, for appellee.
BOWEN, Presiding Judge.
In the Municipal Court of Decatur, Alabama, Joel Thomas Taylor was found guilty of driving with a revoked license. He was fined $300 and $19 costs. Taylor appealed to the Circuit Court of Morgan County where he was tried without a jury and again found guilty. Sentence was 60 days' imprisonment and a $500 fine.

I
The evidence is sufficient to support the conviction.
Section 19-68 of the Decatur City Code declares that misdemeanors under state law are also offenses against the city. Alabama Code 1975, § 32-6-19, defines the offense of driving with a revoked license:
"Any person whose driver's ... license... has been cancelled, suspended or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while such license or privilege is cancelled, suspended or revoked shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $100.00 nor more than $500.00, and in addition thereto may be imprisoned for not more than 180 days."
The elements of the offense of operating a motor vehicle after revocation of a driver's license are:
"[T]hat there was a revocation or suspension of the license or right to drive a motor vehicle, that it was a legal revocation or suspension, and that, during the period of such suspension or revocation, the accused, although it is not essential that the motor vehicle involved be registered in the name of accused, operated a motor vehicle on the public highway. Ownership of the motor vehicle is not a required element of the statutory offense."
61A C.J.S. Motor Vehicles § 639(2) (1970).
See also 7A Am.Jur.2d Automobiles And Highway Traffic § 148 (1980).
Here, Taylor stipulated that his driver's license had been revoked. Decatur Police Investigator Keith Mickle testified that he was aware that "Taylor did not have a valid driver's license from contact with him prior to" September 8, 1982, that he saw Taylor get into an automobile and leave "the intersection squealing his tires", and that he followed Taylor to his residence where Taylor "got out of his vehicle and waved" at him. Investigator Mickle was positive in his identification of Taylor as the driver of the car and testified that Taylor "was in the car by himself."
Taylor and his companion, Mark Justice, testified that Justice, not Taylor, was the driver. Taylor testified that Officer Mickle had threatened to get him at a prior confrontation.
The prosecution made out a prima facie case of driving with a revoked license. This case was tried without a jury and the trial judge was the trier of fact. As the trier of fact, it was the judge's responsibility to determine the credibility of witnesses, *481 settle conflicts in the testimony, and weigh the evidence.
"In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State and accord the State all legitimate inferences therefrom." Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.), cert. quashed, Ex parte Johnson, 378 So.2d 1173 (Ala.1979). In considering the sufficiency or insufficiency of the evidence to support the verdict, this Court can neither test the credibility of the witnesses nor pass judgment on the truthfulness or falsity of testimony. Collins v. State, 412 So.2d 845 (Ala.Cr.App.1982). Where the prosecution has presented a prima facie case, this Court will not invade the province of the trier of fact. Walker v. State, 416 So.2d 1083, 1089 (Ala.Cr.App. 1982).

II
Taylor argues for the first time that the trial judge erred in considering his driving record in sentencing because it was not properly authenticated. This issue was not presented at trial and has not been preserved for review. Thompson v. State, 356 So.2d 757, 760 (Ala.Cr.App.1978); Weaver v. State, 437 So.2d 626, 627 (Ala. Cr.App.1983).

III
There is no evidence that the increased sentence Taylor received in the circuit court was in retaliation for Taylor's exercise of his right to appeal from the municipal court and in violation of North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 2079-80, 23 L.Ed.2d 656 (1969). "Pearce does not apply to a sentence after an appeal and a trial de novo in a two-tier system for adjudicating criminal offenses. Colten v. Kentucky, 407 U.S. 104, 112-120, 92 S.Ct. 1953, 1958-1962, 32 L.Ed.2d 584 (1972)." Hardy v. State, 455 So.2d 265, 268 (Ala.Cr.App.1984).
When a case is appealed from a municipal court to a circuit court, "[u]pon trial or plea of guilty in the circuit court on appeal, the court may impose any penalty or sentence which the municipal court could have imposed." Alabama Code 1975, § 12-14-70(e) (Supp.1984).
The offense for which Taylor was prosecuted occurred on September 8, 1982. He was tried in March of 1984. Between the date of the offense and the date of trial, the punishment for the state offense of driving with a revoked license was increased; the minimum $25 fine was increased to $100, and the maximum 30-day jail sentence was increased to 180 days. See annotation following Alabama Code 1975, § 32-6-19. The amending law, Acts 1983, No. 83-620, § 3, provides that the act applies to conduct occurring after July 29, 1983, the effective date of the amendment, and that conduct occurring before that date shall be governed by preexisting law.
Any law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed is unconstitutional as an ex post facto law. Calder v. Bull, 3 Dall. 386, 3 U.S. 386, 1 L.Ed. 648 (1798). See 16A Am.Jur.2d Constitutional Law §§ 635 and 643 (1979).
From the record before this Court, it appears that Taylor was improperly sentenced to 60 days' imprisonment when the maximum period of confinement under the state statute in effect at the time of the offense was 30 days. Consequently, this cause is remanded for proper sentencing, with a record of the proceedings on remand being forwarded to this Court upon completion.
The judgment of the circuit court is remanded for proper sentencing.
REMANDED FOR PROPER SENTENCING.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, Taylor was sentenced to "3 days in jail and costs ... plus a fine of *482 $300." This sentence is within the proper range of punishment. The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.