ON APPLICATION FOR REHEARING
BOWEN, Judge.
The opinion of this Court issued October 11,1991, is hereby withdrawn. The following becomes the opinion of the Court.
Earl Eugene Mozingo, the appellant, was convicted of driving with a revoked license in violation of Ala.Code 1975, § 32-6-19. He was fined $300 and was sentenced to 30 days in the city jail. On this appeal from that conviction, the appellant argues that his motion to dismiss should have been granted by the circuit court because the prosecution proved that his driver’s license had been “cancelled,” but failed to prove that his license had been “revoked.” We agree.
The complaint specifically charged that the appellant was operating a motor vehicle “while his license or privilege to drive was revoked in violation of Section 9-1 [See Code of Alabama 1975, Sec. 32-6-19].” R. 26 (emphasis added). At trial, the State, without objection, introduced an affidavit from the Department of Public Safety indicating that the appellant’s driver’s license status was “cancelled” at the time of the offense.
The appellant was indicted under § 32-6-19, which provides, in pertinent part:
“Any person whose driver’s ... license ... has been cancelled, suspended or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while such license or privilege is cancelled, suspended or revoked shall be guilty of a misdemean-or_” (Emphasis added.)
“ ‘Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to extend to cases not covered by the words used_’” Ex parte Evers, 434 So.2d 813, 816 (Ala.1983). “Further, it is well established that criminal statutes should not be ‘extended by construction.’ ” Id. at 817.
The terms emphasized in the above-quoted portions of § 32-6-19 are specifically defined in Ala.Code 1975, § 32-1-1.1:
“(7) CANCELLATION OF DRIVER’S LICENSE. The annulment or termination by formal action of the director of public safety of a person’s driver’s license because of some error or defect in the license or because the licensee is no longer entitled to such license, but the cancellation of a license is without prejudice and application for a new license may be made at any time after such cancellation.”
[[Image here]]
“(53) REVOCATION OF DRIVER’S LICENSE. The termination by formal action of the director of a person’s license or privilege to operate a motor *1120 vehicle on the public highways, which termination shall not be subject to renewal or restoration except that an application for a new license may be presented and acted upon by the director after the expiration of the applicable period of time prescribed in this title.”
[[Image here]]
“(71) SUSPENSION OF DRIVER’S LICENSE. The temporary withdrawal by formal action of the director of public safety of a person’s license or privilege to operate a motor vehicle on the public highways, which temporary withdrawal shall be for a period specifically designated by the director.”
There is a distinction between “cancellation” and “revocation” as those terms are defined by statute. Therefore, we hold that there is a material variance between an indictment charging that the appellant was driving a motor vehicle after his driver’s license had been “revoked” and proof showing that the license had been “can-celled,” because revocation and cancellation are alternative methods of proving the same offense.
“[O]ur Alabama case law is clear that there must be a material variance between indictment and proof before a conviction will be overturned for that reason.” Ex parte Collins, 385 So.2d 1005, 1009 (Ala.1980), and cases cited therein.
“The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.”
House v. State, 380 So.2d 940, 942-43 (Ala.1979) (emphasis added) (holding that in a prosecution under a statute pertaining to assault with a deadly weapon upon a peace officer, there was no material variance where the indictment charged the assault was upon a deputy sheriff and the proof showed that the victim was a jailer). See also Ex parte Hightower, 443 So.2d 1272 (Ala.1983) (complaint charging sexual intercourse without consent and proof showing sexual intercourse with consent constitutes material variance).
In Sisson v. State, 528 So.2d 1159 (Ala.1988), the Alabama Supreme Court held that for purposes of the drunken driving statute found at Ala. Code 1975, § 32-5A-191, driving “under the influence of alcohol,” as defined in subsection (a)(2), and driving with “.10% or more by weight of alcohol in [one’s] blood,” as defined in subsection (a)(1), are one offense, which can be proven by two alternative methods.
“Although we hold that driving ‘under the influence of alcohol’ and driving with ‘.10% or more by weight of alcohol in [one’s] blood’ are but one offense (See U.T.T.C., Appendix B), nevertheless, we also hold that legislature has provided that the offense can be proved by two alternative methods. Because the Legislature has set forth in the statute the two alternative methods of proof, and because this Court, by the adoption of Rule 19, [A.R.Jud.Adm.,] requires that an accused be notified in the U.T.T.C. of the alternative on which the state will proceed, we are constrained to hold that the state could not amend the charge in this case....
[[Image here]]
“... The legislature, by designating two methods by which the offense could be committed, and this Court, by promulgating a rule that requires the arresting officer to specify which alternative the defendant was charged with violating, necessarily intended that the defendant receive specific notice of the charge he would be called upon to defend against.”
Sisson, 528 So.2d at 1163-64.
This case is governed by Sisson, supra. Cancellation, revocation, and suspension are but different or alternative methods of proving the same offense. See Taylor v. City of Decatur, 465 So.2d 479, 480 (Ala.Cr.App.1984). The Uniform Traffic Ticket and Complaint form adopted by the Alabama Supreme Court provides that the accused must be notified of the specific alternative he or she is charged with violating. That portion of the U.T.T.C. provides:
*1121 “DRIVING WHILE LICENSE OR PRIVILEGE IS:
“_Revoked _Suspended _ Cancelled”
Rule 19, Alabama Rules of Judicial Administration; Form UTC-1, Rev. 1/89. Therefore, in a prosecution for driving with a cancelled, revoked, or suspended driver’s license under § 32-6-19, the prosecution must allege and prove the specific alternative by which the defendant’s license or privilege to drive was terminated.
Because the prosecution failed to prove the charge contained in the indictment, the judgment of the Houston Circuit Court in case number CC-90-068 is reversed. Under the authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that judgment must be rendered.
APPLICATION GRANTED;
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
REVERSED AND RENDERED.
All Judges concur.