BASCHAB, Judge.
On June 30, 2000, pursuant to a negotiated agreement, the appellant, Carl Allen Simmons, pled guilty to unlawful distribution of a controlled substance. The trial court sentenced him, as a habitual offender, to serve a term of twenty years in prison. See § 13A-5-9(c)(2), Ala.Code 1975. It then split his sentence and ordered him to serve a term of three years in prison followed by five years on probation. The trial court also enhanced his sentence by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See §§ 13A-12-250 and *1220 13A-12-270, Ala.Code 1975. The appellant did not appeal his conviction. On or about September 5, 2001, the appellant filed a Rule 32 petition, challenging his conviction, which the circuit court summarily denied. The appellant appealed that denial, and we affirmed the circuit court’s judgment in an unpublished memorandum. See Simmons v. State, (CR-01-0531, March 15, 2002) 854 So.2d 1227 (Ala.Crim.App.2002) (table). On March 10, 2003, the appellant filed the present Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied his petition. This appeal followed.
I.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the facts upon which the schoolyard and public housing project enhancements were based were not alleged in the indictment. In Hale v. State, 848 So.2d 224, 232-33 (Ala.2002), the Alabama Supreme Court addressed a similar argument as follows:
“In Poole v. State, 846 So.2d 370, 373-87 (Ala.Crim.App.2001), the Court of Criminal Appeals discussed and analyzed Apprendi [v. New Jersey, 530 U.S. 466 (2000)] as follows:
“ ‘... Apprendi pleaded guilty to two counts of second-degree possession of a firearm for an unlawful purpose and to one count of unlawfully possessing an “antipersonnel bomb.” A New Jersey statute provided that a sentence could be enhanced if the crime was motivated by “bias.” New Jersey sought to invoke this statute. After a hearing, the trial court, based on the testimony from the witness stand, found by a preponderance of the evidence that the crime was motivated by racial bias. The trial court then enhanced Apprendi’s sentence. Ap-prendi specifically reserved the right to challenge this enhancement on appeal. Apprendi argued that due process required that the question whether the crime was motivated by bias be presented to a jury and proven beyond a reasonable doubt. The New Jersey Supreme Court upheld the enhanced sentence. The United States Supreme Court reversed. Citing earlier decisions, the United States Supreme Court stated:
[[Image here]]
“ ‘ “... Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: ‘[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.’ [Jones v. United States,] 526 U.S. [227], at 252-253, 119 S.Ct. 1215 [ (1999) ] (opinion of Stevens, J.); see also id., at 253, 119 S.Ct. 1215 (opinion of Scalia, J.).”
“ ‘530 U.S. at 485-90 (emphasis added; footnotes omitted)....
[[Image here]]
“ ‘... [Constitutional defects must be objected to in the trial court before we may review them on appeal. See Barrett v. State, 705 So.2d 529 (Ala. *1221 Crim.App.1996); Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996); Andersen v. State, 418 So.2d 967 (Ala.Crim.App.1982); Hansen v. State, 598 So.2d 1 (Ala.Crim.App.1991); Cagle v. State, 504 So.2d 1225 (Ala.Crim.App.1987); Crosslin v. State, 540 So.2d 98 (Ala.Crim.App.1988). Therefore, before this Court will review an alleged Apprendi violation, the defendant must object in the trial court. ...
[[Image here]]
“ ‘... [T]he Apprendi holding implies that the failure to allege in the indictment the location of the crime does not affect the validity of the indictment, i.e., does not rise to the level of a jurisdictional defect. Had the defect in Apprendi amounted to a jurisdictional defect that would invalidate the indictment, a reviewing court would, ex mero motu, be charged with noticing the defect. See Ex parte Hargett, 772 So.2d 481 (Ala.Crim.App.1999). The Supreme Court did not hold in Apprendi that the underlying conviction was due to be vacated.’
“Poole, 846 So.2d at 373-87 (emphasis added). Thus, Poole holds that the absence of sentence enhancement allegations from the indictment does not deprive the trial court of jurisdiction to impose the enhancements. We approve and adopt this holding and the rationale of the Poole court for this holding.”
Also, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not apply retroactively to cases on collateral review. See Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001); Sanders v. State, 815 So.2d 590 (Ala.Crim.App.2001). Accordingly, the appellant is not entitled to post-conviction relief on this ground.
II.
The appellant also appears to argue that the State did not give him adequate notice that it intended to invoke the schoolyard and public housing project enhancements. However, this claim is precluded because he could have raised it at trial and on appeal, but did not, and because it is time-barred. See Rules 32.2(a)(3), (a)(5), and (c), Ala. R.Crim. P. Further, this claim is successive because the appellant did not raise it in his previous Rule 32 petition and he has not shown that this ground was “not known or could not have been ascertained through reasonable diligence when the first petition was heard.” Rule 32.2(b), Ala. R.Crim. P. See also Whitt v. State, 827 So.2d 869 (Ala.Crim.App.2001).
III.
The appellant also argues that he did not knowingly, voluntarily, and intelligently enter his guilty plea.[1] Specifically, he contends that “it was his understanding that when he accepted the plea, that all of the sentences would be concurrent and all suspended with the exception of three (3) years, but at the outcome, the petitioner is serving a thirteen (13) year sentence rather than three (3) as agreed to in his plea.” (C.R.90.) However, this claim is successive because the appellant did not raise it in his previous Rule 32 petition and he has not shown that this ground was “not known or could not have been ascertained through reasonable diligence when the first petition was heard.” Rule 32.2(b), Ala. R.Crim. P. See also Whitt v. State, 827 So.2d 869 (Ala.Crim.App.2001). This claim is also *1222 time-barred. See Rule 32.2(c), Ala. R.Crim. P.
Nevertheless, we conclude that the execution of the appellant’s sentence is illegal. “ ‘This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.’ State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001).” Calloway v. State, 860 So.2d 900, 902 (Ala.Crim.App.2002). Therefore, the appellant’s aggregate sentence was thirty years in prison. Section 15-18-8, Ala.Code 1975, as amended effective May 25, 2000, provides, in pertinent part:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years....”
Because the appellant’s aggregate sentence was thirty years in prison, the trial court did not have jurisdiction to split his sentence. See Calloway, supra.
“ ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
Id. at 902. Accordingly, we remand this case to the circuit court with instructions that that court set aside the split portion of the appellant’s sentence. Because the split sentence was a term of the appellant’s plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, PM., and COBB, SHAW, and WISE, JJ., concur.

. The appellant raised additional arguments in his petition. However, he does not raise them on appeal. Therefore, we deem those arguments abandoned. See Brownlee v. State, 666 So.2d 91 (Ala.Crim.App.1995).

 Note from the reporter of decisions: On November 14, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.