JOINER, Judge.
Michael R. Pardue appeals from an order revoking his probation. The relevant procedural history of this case, which is complex, is as follows: Pardue was arrested in April 1987 and indicted for second-degree escape, first-degree burglary, first-degree theft of property, and second-degree theft of property. At the time of his arrest, Pardue was incarcerated for murder and serving a 100-year sentence.[1] In March 1988, Pardue was convicted on all four counts of the indictment; he appealed his convictions. On appeal, this Court affirmed Pardue’s escape conviction, reversed the burglary conviction, and ordered the circuit court to vacate one of Pardue’s theft-of-property convictions. Additionally, this Court ordered that Par-due be properly resentenced on each remaining conviction in accordance with the Habitual Felony Offender Act, codified at § 13A-5-9, Ala.Code 1975. Pardue v. State, 571 So.2d 320 (Ala.Crim.App.1989). On certiorari review, the Alabama Supreme Court reversed the portion of this Court’s judgment directing the circuit court to set aside Pardue’s first-degree-burglary conviction. Pardue v. State, 571 So.2d 333 (Ala.1990). Subsequently, on return to remand, following the circuit court’s compliance with the opinions of this Court and the Supreme Court, this Court affirmed Pardue’s conviction for first-degree theft of property[2] and his sentences of 10 years’ imprisonment for the second-degree-escape conviction, life imprisonment without parole for the first-degree-burglary conviction, and life imprisonment for the first-degree-theft-of-property con *365 viction. Pardue v. State, 584 So.2d 888 (Ala.Crim.App.1991).
On February 15, 2001, the circuit court resentenced Pardue to concurrent terms of 13 years and 10 months’ imprisonment for the first-degree-theft-of-property conviction and 20 years’ imprisonment, split to serve 5 years’ imprisonment followed by supervised probation “pending any further order of the court)” for the first-degree-burglary conviction.[3] (C. 5, 9.) At the time of the resentencing, Pardue had completed his sentence for the second-degree-escape conviction, and, as a result of the resen-tencing, Pardue had completed his sentence for the first-degree-theft-of-property conviction. Thus, the only sentence in effect after the resentencing was the sentence imposed for Pardue’s first-degree-burglary conviction.
After Pardue had served a little over 10 years on probation for his first-degree-burglary conviction, on June 23, 2011, the State filed a petition to revoke Pardue’s probation, alleging that Pardue had violated the terms and conditions of his probation by committing new domestic-violence-related offenses — namely, menacing and reckless endangerment. The State further alleged that Pardue possessed a firearm when he committed the new offenses. One week later, Pardue moved to dismiss the petition to revoke his probation on the basis that the circuit court lacked jurisdiction to revoke his probation because Par-due had completed his 20-year sentence in 2007.[4] Following a hearing, the circuit court entered an order on August 1, 2011, in which it denied Pardue’s motion to dismiss.
On August 31, 2011, Pardue filed a motion to reconsider the denial of his motion to dismiss. In his motion to reconsider, Pardue argued that the sentence imposed by the circuit court violated principles of double jeopardy and that the circuit court had improperly sentenced him in 2001 to a split sentence for a crime committed in 1987. The circuit court denied Pardue’s motion to reconsider.
On August 31, 2011, the circuit court conducted a probation-revocation hearing. After considering the evidence presented at the probation-revocation hearing, the circuit court entered an order finding, in part, that it was satisfied based on the testimony and evidence presented at the hearing that Pardue violated the terms and conditions of his probation by committing the new criminal offenses. Based on its finding, the circuit court revoked Par-due’s probation and ordered Pardue to serve the balance of his original sentence. The circuit court further ordered that Par-due receive “credit for time served as allowed by law.” (C. 33.) This appeal followed.
On appeal, Pardue contends, among other things, that his 2001 sentence is illegal because, he says, when it resen-tenced him in 200Í, the circuit court applied the Split Sentence Act as it existed in 2001 and not as it existed in 1987 — the year in which Pardue committed the first-degree-burglary offense.[5] Specifically, *366 Pardue contends that the circuit court had no authority to sentence him to serve a 20-year sentence, split to serve 5 years in prison followed by supervised probation “pending any further order of the court,” for the first-degree-burglary conviction. We agree.
It is well settled that “[a] defendant’s sentence is determined by the law in effect at the time of the commission of the offense.” Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990) (citing Bracewell v. State, 401 So.2d 123, 124 (Ala.1979), and Taylor v. City of Decatur, 465 So.2d 479, 481 (Ala.Crim.App.1984)).
Here, as set out above, Pardue committed the offense of first-degree burglary in 1987 and was subsequently indicted for and convicted of that offense. Thus, the circuit court, when it resentenced Pardue in 2001, was required to sentence Pardue in accordance with the law that was in effect in 1987.
In 1987, first-degree burglary was a Class A felony punishable by imprisonment “for life or not more than 99 years or less than 10 years.” § 13A-5-6(a)(l), Ala. Code 1975. See Act No. 81-840, Ala. Acts 1981. Additionally, in 1987, circuit courts had the option to sentence certain offenders under the Split Sentence Act, codified at § 15-18-8, Ala.Code 1975, which, at that time, provided that,
“[w]hen a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction ..., [the trial-court judge] may order that the convicted defendant be confined in [a] prison ... for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best.”
Act. No. 85-905, Ala. Acts 1985 (emphasis added). Thus, in 1987, circuit courts could impose a “split sentence” on only those sentences that did not exceed 15 years’ imprisonment.
Although the 20-year sentence the circuit court imposed in 2001 was within the range authorized under the version of § 13A-5-6(a)(l), Ala.Code 1975, that was in effect in 1987, the circuit court had no authority to impose a split sentence under the Split Sentence Act, as that act existed in 1987, because the Split Sentence Act expressly exempted from its application those offenders whose sentences exceeded 15 years’ imprisonment. Thus, “the execution of [Pardue’s] sentence is illegal.” Simmons v. State, 879 So.2d 1218, 1222 (Ala.Crim.App.2003).
Additionally, because the circuit court had no authority to sentence Pardue under the Split Sentence Act, it likewise had no authority to impose a term of probation under that same act, and, consequently, it had no authority to conduct a probation- *367 revocation hearing. Thus, the circuit court’s order revoking Pardue’s probation is without effect. See Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012).
Because the circuit court had no authority to sentence Pardue under the Split Sentence Act, the sentence in this case is analogous to the sentences at issue in Simmons, supra, Morris v. State, 876 So.2d 1176 (Ala.Crim.App.2003), and Enfinger, supra. Thus, like in those cases, we remand this case to the circuit court for that court to remove the split portion of Par-due’s sentence. To do so, the circuit court must “ ‘conduct another sentencing hearing and ... reconsider the execution of [Pardue’s] 20-year sentence. Because the 20-year sentence was valid[, however,] the circuit court may not change it.’ ” Enfinger, 123 So.3d at 538 (quoting Austin v. State, 864 So.2d 1115, 1119 (Ala.Crim.App.2003)).
Based on the foregoing, this case is remanded to the circuit court for that court to set aside its order revoking Pardue’s probation and, further, to reconsider the execution of Pardue’s sentence in accordance with this opinion.[6] The circuit court shall take all necessary action to ensure due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
REMANDED WITH INSTRUCTIONS. 
WELCH, KELLUM, and BURKE, JJ., concur. WINDOM, P.J., dissents, with opinion.

. Pardue's murder conviction was subsequently reversed on direct appeal to this Court on the basis that his confession had been improperly admitted into evidence. See Pardue v. State, 695 So.2d 199 (Ala.Crim.App.1996).

. The circuit court, in compliance with this Court's instructions, vacated Pardue's second-degree-theft-of-property conviction.

. Neither the record on appeal, nor this Court's own records, indicate with particularity the basis for Pardue's resentencing in 2001. Neither party contends, however, that the circuit court did not have the authority to resentence Pardue in 2001.

. The record indicates that Pardue also filed a habeas corpus petition in which he allegedly made similar arguments; however, the circuit court dismissed- the petition because it was not properly verified. The record on appeal does not contain a copy of Pardue’s habeas corpus petition.

.Pardue also contends (1) that the circuit court "violated the principles of double jeopardy by not running his [first-degree-theft-of- *366 property] sentence and [first-degree-burglary] sentence concurrently” (Pardue’s brief, p. 20); (2) that the circuit court "erred in that it used probation to extend [Pardue's] twenty-year sentence to a total of approximately twenty-eight years” (Pardue’s brief, p. 32); (3) that the circuit court "erred in imposing a sentence that [Pardue] had already served[,] violating his statutory rights under § 15-18-5, § 15-18-6[,] and § 15-8-7[, Ala.Code 1975]" (Pardue’s brief, p. 37); (4) that the circuit court "erred in exercising jurisdiction over [Pardue] for the purposes of probation revocation when [Pardue] had completed his probation” (Pardue’s brief, p. 42); (5) that the circuit court "erred by causing [Pardue] to serve additional time on his completed sentence” (Pardue’s brief, p. 47); and (6) that his sentence “in February 2001 is unconstitutionally vague giving him no notice and subjecting him to possible lifetime probation.” (Par-due's brief, p. 50.) Because of our holding in this opinion, however, it is unnecessary to address Pardue’s additional claims.

. If, after the circuit court reconsiders the execution of his sentence, Pardue contends that he is not receiving credit for all of his time served on his burglary conviction, Par-due may file a petition for a writ of habeas corpus, which is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Austin v. Alabama Dep't of Corr., 975 So.2d 398 (Ala.Crim.App.2007); Day v. State, 879 So.2d 1206, 1207 (Ala.Crim.App.2003); and Swicegood v. State, 646 So.2d 158 (Ala.Crim.App.1993).