Rel: February 9, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

## CR-2023-0112

_____

**Kendall Ramone Spencer**

**v.**

**State of Alabama**

**Appeal from Mobile Circuit Court**
**(CC-21-899.70 and CC-21-900.70)**

PER CURIAM.

On January 12, 2023, the Mobile Circuit Court revoked Kendall Ramone Spencer's probation for violating the terms of probation that it had placed on him for his April 2022 convictions for first-degree and second-degree assault. Spencer appeals the circuit court's judgment,

and, citing Ex parte McGowan, 346 So. 3d 10 (Ala. 2021), he argues that, because the split sentence that the circuit court imposed on him for his first-degree-assault conviction is "illegal," the circuit court did not have jurisdiction to revoke his probation in that case.[1] The State, on the other hand, argues that the circuit court properly sentenced Spencer for his first-degree-assault conviction, but, even if the sentence is improper, the circuit court's sentencing error "is at most harmless." (State's brief, p. 6.)

In Ex parte McGowan, the Alabama Supreme Court explained that

> "a sentence unauthorized by statute exceeds the jurisdiction of the trial court and is void. See Ex parte Batey, 958 So. 2d [339] at 342 [(Ala. 2006)] (citing Rogers v. State, 728 So. 2d 690, 691 (Ala. Crim. App. 1998)). Except for taking measures to cure a jurisdictional defect in sentencing and to sentence the defendant in accordance with the law, a trial court has no jurisdiction to act on an unauthorized sentence, including conducting revocation proceedings and entering a revocation order addressing the portion of the sentence that was unauthorized in the first place. It matters not that a revocation order purports to remove an unauthorized portion

_____

[1]Spencer's first-degree-assault case is CC-21-899.70. Although the circuit court revoked Spencer's probation in both CC-21-899.70 and CC-21-900.70 and although Spencer gave notice of appeal in both cases, Spencer makes no argument on appeal concerning the circuit court's judgment revoking his probation in CC-21-900.70 -- i.e., the second-degree-assault case.

of a sentence; the trial court must first have subject-matter jurisdiction to conduct the proceedings under Rule 27.6, Ala. R. Crim. P., and to enter the order of revocation.'

346 So. 3d at 15 (emphasis added). The Alabama Supreme Court held that, when a circuit court revokes a defendant's probation but the defendant's sentence "was unauthorized in the first place," the circuit court's order purporting to revoke probation "is void" and must be vacated. Id.

Here, on April 11, 2022, Spencer pleaded guilty to first-degree assault and the circuit court sentenced him to 20 years' imprisonment, to serve "time served," followed by 5 years of probation. (C. 22.) Spencer argues that the "time served" portion of his sentence is illegal because he had served only 1 year, 5 months, and 23 days at the time he was sentenced (First Supp. C. 10), and the minimum split sentence he could have received at the time of his offense under § 15-18-8(a)(2), Ala. Code 1975, is 3 years' imprisonment.[2] Spencer is correct.

First-degree assault is a Class B Felony offense, see § 13A-6-20, Ala. Code 1975, and thus carries a range of punishment of "not more than 20 years or less than 2 years" in prison, see § 13A-5-6(a)(2), Ala.

---

[2]The record on appeal shows that Spencer committed the first-degree assault on May 18, 2020. (C. 28.)

3

Code 1975. Although a circuit court does not have to split a sentence it imposes for a Class B Felony conviction, if it chooses to do so, then it must split that sentence in accordance with § 15-18-8(a), Ala. Code 1975. At the time Spencer committed the first-degree assault and was sentenced, § 15-18-8(a), Ala. Code 1975, provided, in relevant part, as follows:

> "(a) When a defendant is convicted of an offense, other than a sex offense involving a child as defined in Section 15-20A-4(26), that constitutes a Class A or Class B felony offense, and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:

> "....

> "(2) That a defendant convicted of a Class A, Class B, or Class C felony with an imposed sentence of greater than 15 years but not more than 20 years be confined in a prison, jail-type institution, or treatment institution for a period of three to five years for Class A or Class B felony convictions and for a period of three years for Class C felony convictions, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and

4

that the defendant be placed on probation for the period upon the terms as the court deems best."[3]

So, a split sentence of "time served" that equates to only 1 year, 5 months, and 23 days in prison falls far short of the minimum term of 3 years' imprisonment that is required by § 15-18-8(a)(2), Ala. Code 1975. Consequently, Spencer's "time served" split sentence here does not comply with § 15-18-8(a)(2), Ala. Code 1975, and, thus, under McGowan, supra, the circuit court did not have jurisdiction to revoke his probation for his first-degree assault conviction. Even so, the State urges this Court to affirm the circuit court's judgment for two reasons.

First, citing Ex parte McCormick, 932 So. 2d 124 (Ala. 2005), the State argues that § 15-18-8(g), Ala. Code 1975, gives the circuit court the authority to impose a split sentence of less than three years' imprisonment in this case because the circuit court used the phrase "time served" and, under § 15-18-8(g), the circuit court has "jurisdiction ... to suspend the unserved balance of the minimum three-year-split term." (State's brief, p. 5.) The State's argument misunderstands both Ex parte McCormick, supra, and § 15-18-8(g), Ala. Code 1975.

_____

[3]Effective on July 1, 2023, the legislature amended § 15-18-8, Ala. Code 1975. See Act No. 2023-461, Ala. Acts 2023.

5

Section 15-18-8(g) provides:

> "Regardless of whether the defendant has begun serving <u>the minimum period of confinement ordered under the provisions of subsections (a) or (b)</u>, if the imposed sentence is not more than 20 years, the court shall retain jurisdiction and authority throughout that period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation."

(Emphasis added).

In <u>Ex parte McCormick</u>, the Alabama Supreme Court addressed the question whether a sentencing court could, under § 15-18-8(g), suspend the entirety of "the minimum sentence of confinement imposed under § 15-18-8(a) upon a defendant ... and place the defendant on probation." 932 So. 2d at 129. In that case, Lartasha Gaines, one of the defendants in <u>McCormick</u>,[4] had

> "pleaded guilty, without benefit of a plea agreement, to the offense of unlawful distribution of a controlled substance. Judge Michael W. McCormick sentenced Gaines to 20 years in prison. Judge McCormick then split the sentence and ordered Gaines to serve <u>two years</u> in the state penitentiary and two years on probation.

---

[4]<u>Ex parte McCormick</u> involved three petitions for writs of mandamus, which the Alabama Supreme Court consolidated for the purpose of issuing one opinion. 932 So. 2d at 125.

6

"The district attorney for the Tenth Judicial Circuit petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge McCormick to resentence Gaines. <u>The Court of Criminal Appeals agreed with the district attorney's argument that Judge McCormick's imposition of a two-year sentence of imprisonment for Gaines was not authorized</u> by § 15-18-8, Ala. Code 1975. <u>State v. Gaines</u>, 932 So. 2d 118 (Ala. Crim. App. 2004). The court recognized that the 2000 amendment authorized Judge McCormick to split Gaines's sentence of 20 years. But the court held that § 15-18-8(a)(1) required Judge McCormick to sentence Gaines to a minimum of three years of actual 'confine[ment] in a prison, jail-type institution[,] or treatment institution,' <u>see</u> § 15-18-8(a)(1), Ala. Code 1975, and further held that Judge McCormick had no authority to suspend this 'mandatory minimum term of confinement.' <u>Gaines</u>, 932 So. 2d at 122. Accordingly, the Court of Criminal Appeals issued a writ of mandamus directing Judge McCormick to resentence Gaines. Judge McCormick then filed a petition for writ of mandamus in this Court asking us to direct the Court of Criminal Appeals to vacate its writ."

<u>Ex parte McCormick</u>, 932 So. 2d at 126 (footnotes omitted; emphasis added). The Supreme Court explained:

"Applying the plain-meaning rule to § 15-18-8, we note first that the Court of Criminal Appeals in <u>Gaines</u> <u>correctly determined that Judge McCormick had no authority to split Gaines's 20-year sentence by ordering Gaines to serve only 2 years in confinement</u> with 2 years' probation to follow. Clearly, Gaines's 20-year sentence was eligible for split-sentence consideration under § 15-18-8(a). § 15-18-8(a), Ala. Code 1975 ('When a defendant is convicted of an offense and receives a sentence of 20 years or less....'). But § 15-18-8(a)(1) <u>required Judge McCormick to sentence Gaines to serve a minimum of three years' confinement</u>. § 15-18-

7

8(a)(1), Ala. Code 1975 ('In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years....'). Judge McCormick's attempt to split Gaines's sentence therefore resulted in an illegal sentence, and the Court of Criminal Appeals was correct in directing Judge McCormick to resentence Gaines.

"The Court of Criminal Appeals erred, however, in holding that a sentencing court has no authority to suspend the three-year 'mandatory minimum' term of confinement under § 15-18-8(a)(1). Section 15-18-8(c) [now § 15-18-8(g), Ala. Code 1975] provides:

> "'Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.'

"§ 15-18-8(c), Ala. Code 1975 (emphasis added). Nothing in § 15-18-8(c) suggests that the phrases 'the minimum period of confinement ordered under the provisions of subsection (a)' and 'the minimum sentence' do not include the 3-year minimum period of confinement required when a defendant's 20-year sentence is split under § 15-18-8(a)(1). Thus, § 15-18-8(c) plainly authorizes a trial court to suspend 'the minimum sentence' required to be imposed by § 15-18-8(a), including 'the minimum period of confinement' that § 15-18-

8

8(a)(1) requires for sentences greater than 15 years but not more than 20 years."

Ex parte McCormick, 932 So. 2d at 132-33 (footnote omitted; some emphasis added).

In other words, although the State correctly points out that circuit courts have the authority to suspend the "unserved balance" of a split sentence, the plain language of § 15-18-8(g) allows the circuit court to suspend the "minimum period of confinement." As Ex parte McCormick explains, when a split sentence is imposed under § 15-18-8(a), the "minimum period of confinement" that can be imposed is 3 years' imprisonment. So, contrary to the State's argument on appeal, § 15-18-8(g) does not allow a circuit court to impose a sentence of "time served" that is less than the mandatory minimum period of confinement set out in § 15-18-8(a).

The State also asserts that Spencer is not entitled to any relief on appeal because, it argues, the sentencing error here "is at most harmless." The State claims:

"Spencer suffered no harm. In fact, he greatly benefitted from the split to time-served sentence that he received. He was pleased enough with it that he did not raise the claim on direct appeal. He was released from incarceration early and given an opportunity to reenter society, enjoy freedom, and

9

prove himself worthy of probation. He only complains now because the original sentence has now become inconvenient."

(State's brief, pp. 6-7.)

Although the State correctly points out that Spencer "greatly benefitted" from his illegal split sentence because the circuit court sentenced him below the mandatory minimum split sentence he could receive, this Court cannot say that the error here is harmless because it is unclear whether properly sentencing Spencer will have any affect on his guilty plea in this case.

This Court, in Enfinger v. State, 123 So. 3d 535 (Ala. Crim. App. 2012), explained:

"We recognize that the circuit court's revocation of Enfinger's probation in this case appears to reach a result that is no different than the result that was obtained in Simmons [v. State, 879 So. 2d 1218 (Ala. Crim. App. 2003),] and Morris [v. State, 879 So. 2d 1176 (Ala. Crim. App. 2003)] -- i.e., the probation revocation in essence removed the unauthorized split. Those cases, however, did not involve merely the removal of an improper split. In each of those cases, the circuit court was instructed to consider on remand whether the removal of the split would affect the voluntariness of the defendant's guilty plea. Further, the circuit court in each case was instructed that, if the defendant moved to withdraw his guilty plea, it should allow the defendant to do so. See Simmons, supra; Morris, 876 So. 2d at 1178 ('Because the split sentence was a term of the appellant's plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the

motion. See Austin v. State, 864 So. 2d 1115 (Ala. Crim. App. 2003).') To hold that the circuit court can remedy the imposition of an unauthorized split sentence by revoking a defendant's probation, however, would prevent that defendant from being able to move to withdraw his guilty plea and thus would treat him differently than the defendants in Simmons and Morris were treated -- i.e., after the circuit court conducts a resentencing, the defendant would not have the assistance of appointed counsel to move to withdraw his guilty plea under Rule 14.4(e), Ala. R. Crim. P.; instead, an indigent defendant would have to raise, pro se in a Rule 32 petition, the issue that the defendant's guilty plea was involuntary.

"Furthermore, holding that a circuit court can remedy the imposition of an improper split sentence by revoking a defendant's probation could lead to an absurd result. For example, a defendant serving a sentence that is improper under the Split-Sentence Act could be charged with violating the terms and conditions of his probation and the circuit court could thereafter revoke that defendant's probation. On appeal, the defendant could contend that the evidence was insufficient to support the revocation of his probation, and if, after a review of the record, this Court determined that the defendant is, in fact, correct, we would be forced to hold that, although the evidence was insufficient to support the revocation, the imposition of the remainder of his sentence is correct because the circuit court could not have imposed a split sentence. Such a result is unsound and untenable.

"Because the circuit court did not have the authority to revoke Enfinger's probation, its order revoking Enfinger's probation is vacated, and this case is remanded to the circuit court for that court to resentence Enfinger in accordance with this opinion.

"Additionally, we note that, although the record indicates that Enfinger was convicted of sexual abuse of a

child under 12 as the result of a 'plea bargain' (C. 8), the record is unclear as to whether Enfinger's sentence was part of the plea bargain. Thus, 'it is impossible for this Court to determine whether resentencing [Enfinger] will affect the voluntariness of his plea.' Austin[ v. State], 864 So. 2d [1115,] 1119 [(Ala. Crim. App. 2003)]. If the split sentence was a term of Enfinger's 'plea bargain,' and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R. Crim. P."

Enfinger v. State, 123 So. 3d at 538-39.

Here, as in Enfinger, the record on appeal shows that Spencer pleaded guilty to first-degree assault, and, as in Enfinger, it is unclear wither Spencer's illegal sentence was the result of a plea agreement with the State. If so, the circuit court's error in sentencing Spencer would not be harmless because, upon resentencing, Spencer would be permitted to move to withdraw his guilty plea and the circuit court would then be tasked with determining whether withdrawal of the plea would be appropriate under Rule 14.4(e), Ala. R. Crim. P.

In sum, Spencer's split sentence to "time served" for his first-degree assault conviction is unauthorized under § 15-18-8(a), Ala. Code 1975. Thus, under Ex parte McGowan, supra, the circuit court's order purporting to revoke Spencer's probation for that offense is void, and

"[a] void judgment will not support an appeal." Madden v. State, 885 So. 2d 841, 844 (Ala. Crim. App. 2004). Thus, pursuant to Ex parte McGowan, we order the circuit court to vacate its probation-revocation order as it relates to his first-degree-assault conviction in CC-21-899.70. We note that, "at this juncture," the only thing the circuit court may do is

> "'"conduct another sentencing hearing and ... reconsider the execution of [Spencer's 20]-year sentence[ ]. Because the [20]-year sentence[ ] [was] valid, the circuit court may not change [it]."' Enfinger, 123 So. 3d at 538 (quoting Austin v. State, 864 So. 2d 1115, 1118 (Ala. Crim. App. 2003), and Moore v. State, 871 So. 2d 106, 109-10 (Ala. Crim. App. 2003))."

Ex parte McGowan, 346 So. 3d at 16. We further note that, as explained above, "the record on appeal does not indicate whether [Spencer's] sentence was the result of a negotiated plea agreement. If it was, Ex parte McGowan instructs that resentencing [Spencer] could affect the voluntariness of [his] guilty plea. 346 So. 3d at 16." Shugart v. State, 360 So. 3d 705, 707 n. 2 (Ala. Crim. App. 2021).

Finally, Spencer does not contest the sentence imposed in CC-21-900.70 for the offense of second-degree assault; therefore, he is not

entitled to relief in that case and the revocation of his probation for that offense is affirmed.

APPEAL DISMISSED IN PART AND JUDGMENT AFFIRMED IN PART.

Windom, P.J., and Kellum, McCool, Cole, and Minor, JJ., concur.